IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ALAN DUNCAN,

    Defendant.

Case No. 3:15cr94

JUDGE WALTER H. RICE

---

ENTRY REQUESTING BRIEFING FROM COUNSEL PURSUANT TO
CONFERENCE CALL OF AUGUST 11, 2021

---

    The captioned cause came on to be heard upon a telephone conference call on August 11, 2021. A rough transcript of such brief conference is appended to this Entry.

    Mr. Duncan has filed a "motion to quash pled in absentia to violation (Doc. #61)" seeking to have this Court to quash the warrant and the underlying offense which supports said warrant, the warrant having been filed by a state court of common pleas.

    During this Court's conference of August 11, 2021, the Court expressed some skepticism over its jurisdiction to grant Mr. Duncan the relief he was seeking. Rather, it was the Court's preliminary conclusion that the relief he seeks can only be granted by the state court of common pleas or, in the alternative, perhaps by the Ohio Parole Authority.

    Defendant's counsel graciously agreed that he would attempt to clarify his client's request, by filing something, which this Court concludes is either a motion or memorandum, within 21 days of August 11, 2021. Government's counsel was to file a memorandum not later

than 21 days following the filing of the motion/memorandum in support of his client's position.

To date, almost five months later, nothing has been filed by either counsel. Mr. Duncan, feeling somewhat frustrated at the lack of activity on his request, has filed a Mandamus Action with the Sixth Circuit Court of Appeals. Admittedly, this is somewhat embarrassing; however, the issue remains to give Mr. Duncan whatever relief, or consideration of giving him whatever relief, is cognizable in this Court.

I will notify the Sixth Circuit of the delay in resolving this matter. In the interim, it would be most appreciated if Defendant's counsel could file a motion/memorandum in support of the relief his client seeks, not later than the close of business on Wednesday, January 26, 2022. Government's counsel will be requested to follow her memorandum not later than 21 days following receipt of the memorandum from counsel for the Defendant.

January 5, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record

1     Wednesday, August 11, 2021 phone phone 5:15.

2     THE COURT: This is CR-3-15-94, United States

3 versus Allan Duncan. Sheila Lafferty for the government.

4 And Jon Paul Rion for the Defendant.

5     Jon Paul, your client has filed pro se a request

6 for relief which I am assuming we're making as a motion to

7 remove the federal detainer on him. Are you involved in

8 this at all?

9     MR. RION: I'm the one that asked for this phone

10 call. It's not the federal detainer he's asking to be

11 removed. It's a problem we're having. I didn't know he was

12 going to file a motion. I asked for the phone conference

13 because I think it's, I didn't want the Court to overrule it

14 because I think it may actually have some merit and maybe we

15 should brief it. The state court -- if you remember in this

16 case, we asked for a bond motion, there was not a detainer

17 placed on him on a Clark County case he was parole for.

18 After we filed the motion for bond, the detainer was then

19 put on him.

20     THE COURT: I recall.

21     MR. RION: After after the sentencing, I called

22 the parole board in Columbus trying to ask them if we could

23 resolve this. They had refused to take any action. I told

24 them we would admit the violation if that's what they're

25 wanting. I think the federal case was the only reason for

1  it. They say when he's done with his federal time we'll
2  address it. The problem is, if he has a detainer on him
3  he's not eligible for halfway houses and maybe some other
4  programming that would otherwise be available to him. It's
5  affecting I think his need for rehabilitation that maybe the
6  Court envisioned when it sentenced him. I can't get the
7  parole board, the state parole board to do anything. It's
8  Judge O'Neil's problem because he didn't file nor is he
9  asking to sentence him. It's an internal parole board
10 issue. I just think their position is they're not going to
11 do anything on this until after the 12-year sentence is
12 resolved due process in every way. His suggestions for
13 relief, the Court could consider resentencing under the
14 compassionate release concept of some level, ordering a
15 mandate, mandamus for the parole board to rule on their own
16 detainer and not wait 12 years in so doing. Instead of
17 seeking to get this resolved one way or the other, the state
18 says it's a nonexisting thing.
19         THE COURT: Jon Paul, it sounds to me like the way
20 to approach it, and then of course I'll want to hear from
21 Sheila is to file something recasting the motion as you
22 think is applicable, and then basically setting forth not
23 only the relief you're requesting but the jurisdiction of
24 the Court to accomplish it. I can't quash the parole
25 detainer. I don't think I have the authority to do that. I

```
 1   think-- forget what I think.  Are you willing to do that?
 2           MR. RION:  Yes.
 3           THE COURT:  Sheila, are you willing to respond to
 4   it?
 5           MS. LAFFERTY:  Judge, I mean as I read it, it is a
 6   state parole matter.  I don't know if -- my question was:
 7   Is this an issue to address.  It's the parole authority's,
 8   according to the paperwork he submitted, said it would be
 9   violation and asked a detainer be placed on him.  I don't
10   know what can be done to resolve that.  If Jon Paul wants
11   to.
12           MR. RION:  I'll attempt to clarify our request to
13   our law firm and if we could leave his motion pending to the
14   extent that there is relevance in that remaining.  I will
15   follow something in the next 21 days with the Court.
16           THE COURT:  Jon Paul, that would be helpful.  That
17   way, Sheila, you have I think a better idea what to respond
18   to.
19           MS. LAFFERTY:  Yes, your Honor, that would be
20   helpful.
21           THE COURT:  The solution, Jon Paul, may be, and
22   certainly this is not a definitive opinion, may be to
23   mandamus the parole board in state court.
24           MR. RION:  Okay.  Thank you, judge, for your time.
25           THE COURT:  You're very welcome.  Jon Paul, we'll
```

```
1    expect a memorandum in 21 days.   Sheila, 21 days thereafter.
2           MS. LAFFERTY:   Yes, your Honor.
3           THE COURT:   Very good.   Both of you take care.
4    Have a good evening.
5           (Proceedings concluded 5:23 p.m.
```



**United States District Court**
Southern District of Ohio
Walter H. Rice Federal Building
and United States Courthouse
200 West Second Street, Room 909
Dayton, Ohio 45402

Chambers of
Walter H. Rice
District Judge

(937) 512-1500
Fax (937) 512-1522

January 4, 2022

*Via email; no hard copy to follow*

Ryan Orme
Case Manager
United States Court of Appeals
  for the Sixth Circuit
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 540
Cincinnati, Ohio 45202-3988

Re:    United States v. Alan Duncan, Trial Court No. 3:15cr94-1
         Court of Appeals Case No. 21-4175

Dear Mr. Orme:

I am responding to the Petition for Writ of Mandamus filed by Alan Duncan on December 13, 2021.

Mr. Duncan's frustration is justifiable, even though the relief sought might well be beyond the jurisdiction of this Court to grant. By enclosing a copy of the Entry filed this date, I am reminding counsel of our agreement that briefing would be completed not later than six weeks after our August 11, 2021, telephone conference.

Hopefully, this matter can move forward in an expeditious manner from this time forward. I would greatly appreciate if you would put a follow up on this file for on or about March 14, 2022.

Should you have any questions concerning this matter, please do not hesitate to correspond with me, either by email (donna_vinolus@ohsd.uscourts.gov), by mail at the above address or by phone call at 937-512-1502.

Respectfully,

*[signature]*

Walter H. Rice

WHR/djv
Enclosure

c:    Sheila Lafferty
      Jon Paul Rion
      Alan Duncan #72973-061, FCI Ashland, PO Box 6001, Ashland, KY 41105